UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN THE MATTER OF:<br><br>New Bern Riverfront Development, LLC,<br><br>Debtor | Case No. 09-10340-8-JRL<br>Chapter 11 |
|---|---|

**Motion For Order (i) Approving The Assumption Of Sale Contracts, (ii) Authorizing The Debtor To Convey Sale Properties And Pay Closing Costs (Including Commissions) From Sale Proceeds, And (iii) Transferring All Liens To Proceeds**

New Bern Riverfront Development, LLC (the "Debtor") moves the Court pursuant to Sections 363 and 365 of the Bankruptcy Code and Bankruptcy Rules 6004 and 6006 for an Order (i) approving the assumption of certain sale contracts, (ii) authorizing the Debtor to convey certain properties and pay certain closing costs, including broker's commissions, from the sale proceeds, and (iii) transferring all actual or potential liens to the proceeds of such sales, as follows:

1. On November 30, 2009 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code, and operates as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. The Debtor is the developer of SkySail Condominium, consisting of 121 residential condominiums (plus 1 commercial/non-residential unit) located on Middle Street on the waterfront in historic downtown New Bern, North Carolina ("Riverfront Project"), and sells the SkySail Condominiums (collectively, the "Sale Properties") in the ordinary course of business. As of the Petition Date, 42 condominiums have been sold, 56 condominiums are under contract, and unsold condominiums are occasionally rented on a short-term basis by the Debtor.

4. In conjunction with the acquisition and development of the Sale Properties, the Debtor arranged financing with Wachovia Bank, National Association (the "Wachovia") who holds a deed of trust to secure the funds advanced to complete the improvements. Upon

information and belief, Wachovia is owed approximately $21,015,209 secured by first mortgage liens on the Sale Properties which have an aggregate value of approximately $31,500,000.

5. The Debtor contracted with Weaver Cooke Construction, LLC ("Weaver Cooke") to act as the general contractor on the Riverfront Project pursuant to a construction contract between the parties dated July 27, 2006 ("Construction Contract"). Prior to the Petition Date, the Debtor instituted litigation in the Superior Court Division, Wake County, North Carolina ("State Court Litigation") against Weaver Cooke, certain subcontractors hired by Weaver Cooke, and Travelers Casualty Surety Company of America ("Travelers"), the company that is the surety under certain payment and performance bonds provided to the Debtor by Weaver Cooke pursuant to the Construction Contract. In the State Court Litigation, the Debtor, among other things, is seeking to recover judgment against Weaver Cooke and Travelers, jointly and severally, for damages arising out of Weaver Cooke's breach of contract.

6. Weaver Cooke has filed a claim of lien in the amount of $2,344,072 against the Sale Properties pursuant to Chapter 44A of the North Carolina General Statutes which the Debtor disputes. The Weaver Cooke lien is junior to the lien of Wachovia. In the State Court Litigation, the Debtor is seeking to have the liens filed against the Sale Properties discharged and declared void.

7. There also are other lien claims filed against the Sale Properties by subcontractors (the "Lien Claimants") who supplied materials and/or labor for the purpose of constructing the improvements located on and thus an affixed part of the Sale Properties. Upon information and belief, the inchoate lien rights of the Lien Claimants are disputed, unliquidated, of unknown and uncertain priority, and junior to the liens of Wachovia.

8. The Debtor reserves for itself, any Committee of Unsecured Creditors subsequently created, and any trustee subsequently appointed, any and all rights to challenge, avoid, object to, set aside or subordinate any claims, liens, security interests or rights of setoff against the Sale Properties.

**Pending Sales**

9. In the ordinary course of business prior to the Petition Date, the Debtor entered into contracts (the "Sale Contracts") with certain parties (the "Purchasers"), pursuant to which the Debtor agreed to sell to the Purchasers certain of the Sale Properties. The pending Sale Contracts are summarized on the attached **Exhibit A**.

10. Pursuant to the Sale Contracts and in the ordinary course of business, pre-petition, the Debtor at closing would (i) deliver a warranty deed, (ii) deliver a lien affidavit for purposes of enabling the Purchaser to obtain title insurance executed by the Debtor and all suppliers and contractors who might be able to assert a lien on the subject property, (iii) arrange for a release deed from Wachovia, (iv) pay ordinary and customary closing costs and, where applicable, a broker's commission, and (v) pay all or some agreed portion of the remaining sale proceeds to Wachovia.

11. Due to delays in completing construction of the condominiums and the lien claims being litigated in the State Court Litigation, many of the purchasers pursuant to the pending sale contracts have attempted to rescind or otherwise terminate the contracts, and some of the purchasers have demanded and pursued arbitration of such disputes. Other purchasers remain ready, willing and able to close the sales pursuant to their respective contracts.

**Assumption of the Sale Contracts**

12. Sections 365(a) and 1107 of the Bankruptcy Code authorize a debtor-in-possession to assume or reject any executory contract or unexpired lease, subject to bankruptcy court approval. Although § 365(a) does not provide a standard for determining when assumption or rejection is appropriate, bankruptcy courts have traditionally applied the "business judgment" standard in determining whether to permit the assumption or rejection of an executory contract or unexpired lease. See N.L.R.B. v. Bildisco & Bildisco, 465 U.S. 513, 523 (the business judgment test is the standard test traditionally applied by bankruptcy courts to authorize assumption or rejection of executory contracts); Control Data Corp. v. Zelman (In re Minges), 602 F.2d 38, 42-43 (2d Cir. 1979) (it is well settled that the bankruptcy court's determination concerning the assumption or rejection of an executory contract should be based upon the debtor's sound business judgment).

13. The decision to assume or reject a lease or executory contract is to be accepted unless it is shown that the debtor's decision was one taken in bad faith or in gross abuse of the debtor's retained business discretion. Lubrizol Enterprises, Inc. v. Richmond Metal Finishers, Inc., 756 F.2d 1043 (4th Cir. 1985); Orion Pictures Corp.v. Showtime Networks, Inc. (In re Orion Pictures Corp), 4 F.3d 1095 (2nd Cir. 1993); In re Hardie, 100 B.R. 284 (Bankr. E.D.N.C. 1989).

14. In the present case, each of the Sale Contracts was negotiated in good faith and at arm's-length, entered into pre-petition, and reflects a sale of the subject property for full, fair and

adequate consideration. Assumption of the Sale Contracts is well within the Debtor's sound business judgment and in the best interest of the estate.

**Sale of Properties**

15. Section 363 of the Bankruptcy Code provides that a debtor may use, sell or lease property of the estate, both in the ordinary course of business and, after notice and hearing, other than in the ordinary course of business.

16. As with assumption or rejection of executory contracts, a sale of assets should be authorized if a sound business reason exists for doing so. See Comm. of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1070 (2d Cir. 1983); WBQ P'ship v. Virginia Dept. of Medical Assistance Servs. (In re WBO P'ship), 189 B.R. 97, 102 (Bankr. E.D. Va. 1995); In re Delaware & Hudson Railway Co., 124 BR. 169, 175-76 (D. Del. 1991).

17. Once a debtor articulates a valid business justification, the business judgment rule is a presumption that the debtor acted in good faith and in the honest belief that the action was in the best interest of the company. Official Comm. of Subordinated Bondholders v. Integrated Resources, Inc. (In re Integrated Resources, Inc.), 147 B.R. 650, 656 (S.D.N.Y. 1992) (quoting Smith v. Van Gorkom, 488 A.2d 858, 872 (Del. 1985)).

18. Thus, if a debtor's actions satisfy the business judgment rule, then the transaction in question should be approved under §363(b)(1) of the Bankruptcy Code. See Pitt v. First Wellington Canyon Assocs. (In re First Wellington Canyon Assocs.), 1989 WL 106838, at *3 (N.D. Ill. 1989) ("Under this test, the debtor's business judgment . . . must be accorded deference unless shown that the bankrupt's decision was taken in bad faith or in gross abuse of the bankrupt's retained discretion.").

19. The proposed sales are pursuant to contracts entered into at arm's length, for fair and adequate consideration, and in the ordinary course of the Debtor's business. As such, the proposed sales are well within the Debtor's sound business judgment and should be approved.

**Transfer of Liens**

20. The Debtor further submits that it is appropriate to sell the Sale Properties free and clear of liens pursuant to § 363(f) of the Bankruptcy Code, with any such liens attaching to the sale proceeds to the extent applicable. Section 363(f) of the Bankruptcy Code authorizes a debtor to sell assets free and clear of liens, claims, interests and encumbrances if:

      a.     applicable non-bankruptcy law permits sale of such property free and clear of such interests;

      b.     such entity consents;

      c.     such interest is a lien and the price at which such property is to be sold is greater than the value of all liens on such property;

      d.     such interest is in bona fide dispute; or

      e.     such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

21.     This provision is supplemented by § 105(a) of the Bankruptcy Code, which provides that "[t]he Court may issue any order, process or judgment that is necessary or appropriate to carry out the provisions of [the Bankruptcy Code]."

22.     Because § 363(f) of the Bankruptcy Code is drafted in the disjunctive, only one of the five conditions needs to be satisfied in order to be able to sell property free and clear of liens and interests. In re Takeout Taxi Holdings, Inc., 307 B.R. 525, 529 (Bankr. E.D. Va. 2004).

23.     Upon information and belief, each of the Sale Properties are subject to liens in favor of Wachovia securing an indebtedness which in the aggregate is greater than the value of the individual property, such that no junior liens would be deemed "secured" within the meaning of § 506(d) of the Bankruptcy Code, and Wachovia does not object to the proposed sales.

24.     The actual or potential liens of Weaver Cooke and the other Lien Claimants are disputed, unliquidated, unknown in amount and relative priority, junior to the liens of Wachovia, and may be transferred to proceeds as interests in bona fide dispute.

25.     The transfer of all such liens to proceeds will enable the Debtor to convey clear title and preserve the value of the Sale Properties for the benefit of the Debtor's estate. No creditors are harmed by the transfer of their respective claims, liens or interests to the proceeds of sale.

**Protections of Section 363(m); Rule 6004(h)**

26.     Section 363(m) of the Bankruptcy Code protects a good-faith purchaser's interest in property purchased from a debtor notwithstanding that the sale conducted under § 363(b) is later reversed or modified on appeal.

27. Rule 6004(h) provides that an order approving the sale of property is stayed until the expiration of 10 days after entry, unless the court orders otherwise.

28. Absent the relief requested herein, the Debtor cannot close these pending transactions as the sale proceeds from individual units will be insufficient to pay all liens in full, Wachovia may properly demand the receipt of all sale proceeds as a condition of granting a release of the specific property, and the Debtor will be unable to obtain lien waivers from all parties holding or able to assert liens against the subject properties.

29. Failure to timely close the pending transactions will result in irreparable loss, cost and damage to the Debtor's estates and the creditors in these proceedings, as Purchasers will likely look elsewhere to purchase a home and assert additional claims against the Debtor arising from the breach of the Sale Contracts, the Sale Properties will have to be re-sold and may generate lesser sale prices, and extra costs of delay and attorneys' fees will burden the estates with no corresponding benefit.

30. Conversely, assumption of the Sale Contracts will enable the Debtor to carry on their business in the ordinary course, preserve the value of the Sale Properties for the Debtor's estates and their creditors, and promote the opportunity for a successful reorganization.

31. In order for the Purchasers to close on their respective transactions, they must close on loans obtained from third-party lenders who in turn must be assured, through the orders of this Court and the title insurance obtained at closing, that the transfer of title to the Purchaser is final in all respects. Such assurance is well within the powers of this Court and appropriate for the transactions involved.

Wherefore, the Debtor prays the Court for the entry of an Order providing the following relief:

1. Authorize the Debtor to assume the Sale Contracts and find that each Purchaser is a "good faith purchaser" entitled to the protections of § 365(m).

2. Authorize the Debtor to sell, transfer and convey the Sale Properties in accordance with the terms and conditions of the Sale Contracts, and to pay at closing ordinary and customary closing costs, seller concessions and, where applicable, a broker's commission.

3. Transfer all liens, claims or interests of any creditor or other party in interest to the sale proceeds.

    4.    Provide that such Order shall be effectively immediately, as permitted by Rule 6004(h).

    5.    Such other relief as the Court may deem necessary and proper.

Respectfully submitted on behalf of the Debtor, this the 7th day of December, 2009.

                                              /s/ John A. Northen

**Counsel for the Debtor**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

| Description | Name | Sale Price |
|---|---|---|
| unit 101 | Barbara Jo Call & Claire Fuller | $597,306 |
| unit 102 | Ann Buivid & Martin Spratt | $581,540 |
| unit 103 | Rosemarie Fiorito | $356,300 |
| unit 105 | Susan Mullan | $361,200 |
| unit 116 | Jeffrey B. Taylor & Melissa D. Ellis | $265,000 |
| unit 121 | Daryl Burgess, Ward Sylvester, Talmage Burgess & William Hargett | $496,300 |
| unit 123 | Douglas K. Moyers & Cheryl Moyers | $418,372 |
| unit 125 | Justin R. Spratt & Martin Spratt | $264,468 |
| unit 127 | Stephen M Drezen | $421,102 |
| unit 134 | Matthew J Hertzberg | $229,900 |
| unit 135 | Melvin L Toomey | $233,902 |
| unit 201 | Douglas Shepherd & Lynn Shepherd | $634,688 |
| unit 203 | Douglas Letts & Pamela Letts | $352,355 |
| unit 205 | Anthony Low & Rosemary Low | $366,360 |
| unit 208 | Thomas Eugene Curd & Susan Margaret Curd | $329,647 |
| unit 214 | Richard J. Rodriguez | $224,152 |
| unit 216 | Jack Passot & Kathy J Passot | $243,652 |
| unit 217 | Theodore F Shults & Katharine F Shultz | $724,762 |
| unit 219 | The Clifton M Stoneburner and Mary T. Stoneburner Revocable Trust dated May 30, 2002 | $346,650 |
| unit 224 | GTG Properties LLC | $238,390 |
| unit 225 | James D. Schulteis & May S. Schulteis | $275,125 |
| unit 229 | Jeffrey A. Passot | $417,790 |
| unit 230 | HNM Coastal Properties LLC | $282,652 |
| unit 234 | Michael J Rodell | $242,265 |
| unit 236 | The Investment Club LLC | $229,900 |
| unit 304 | Gregory V Miller & Paula J Miller | $489,294 |
| unit 305 | Christopher S. Boyce | $371,520 |
| unit 306 | Khaled Jreisat & Jacqueline Jreisat | $332,280 |
| unit 307 | Micheal P Campbell & Catherine M Campbell | $468,585 |
| unit 308 | Taisha Clarke | $326,600 |
| unit 310 | Julian Romero | $299,900 |
| unit 316 | Steven A. Sanders | $263,152 |
| unit 317 | Thomas H. Luter & Beverly G. Luter | $678,377 |
| unit 319 | Jay P. Cherry & Ann B. Cherry | $327,132 |
| unit 321 | Janet E. Crane, Trustee under Revocable Trust Agreement dated October 25, 2004 | $510,480 |
| unit 324 | GTG Properties LLC | $246,080 |
| unit 325 | Edward B. Ellis Jr. & Veronica Ellis | $272,025 |
| unit 329 | John A. Razzano & Patricia Razzano | $423,675 |
| unit 330 | Stanly Hall LLC | $287,527 |
| unit 401 | Dwayne Duckett & Claire Duckett | $652,567 |
| unit 403 | Frank Tantum & Nasser Diab | $371,570 |
| unit 404 | David Naugler & Elaine C. Naugler | $508,810 |
| unit 405 | Mark Halpin & Ninette Halpin | $376,680 |
| unit 406 | Mark A. Wilson & Stephanie Wilson | $328,472 |
| unit 407 | DAKZ, LLC, a NC limited Liability Company | $487,275 |
| unit 412 | Jonathan Kramer & Laurie Kramer | $294,555 |
| unit 414 | Kenneth W. Fowler & Susan E. Fowler | $250,477 |

| Description | Name | Sale Price |
|---|---|---|
| unit 417 | Erline Rita Gage Johnson & Graham Johnson, Trustees of the Erline Rita Gage UA dated July 30, 2003Johnson Revocable Trust | $687,799 |
| unit 421 | The Sturman Family Turst dated Feb 4 2004, John P. Sturman and Hanna, Trustors and or Trustees | $517,570 |
| unit 427 | Elaine Zimmerman | $450,410 |
| unit 428 | Marcia Ibrahim & Michael Ibrahim | $279,180 |
| unit 430 | Gregory E. Irvin & Beatrice L. DeMitte | $299,900 |
| unit 431 | John K. Kryvorula | $435,591 |
| unit 432 | William G. Price & Janet F. Price | $256,500 |
| unit 433 | Richard Burrows | $298,500 |
| unit 435 | Jonathan Kramer & Laurie Kramer | $292,759 |
| Total | | $21,219,020 |

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## WILSON DIVISION

| | |
|---|---|
| IN THE MATTER OF:<br><br>New Bern Riverfront Development, LLC,<br><br>Debtor | Case No. 09-10340-8-JRL<br>Chapter 11 |

### Notice of Motion For Order (i) Approving The Assumption Of Sale Contracts, (ii) Authorizing The Debtors To Convey Sale Properties And Pay Closing Costs (Including Commissions) From Sale Proceeds, And (iii) Transferring All Liens To Proceeds

The Debtor filed a motion with the Court requesting an Order, effective upon entry, (i) approving the assumption of certain sale contracts, (ii) authorizing the Debtor to convey certain properties and pay certain closing costs, including broker's commissions, from the sale proceeds, and (iii) transferring all actual or potential liens to the proceeds of such sales.

Notice is hereby given that the Motion may be allowed provided no response and request for a hearing is made by the parties in interest in writing to the Clerk of this Court within 21 days after the date of this notice. If no request for a hearing is timely filed, the Court may rule on the Motion thereto ex parte without further notice.

Respectfully submitted on behalf of the Debtor, this the 7th day of December, 2009.

/s/ John A. Northen

**Counsel for the Debtor**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

IN THE MATTER OF:

New Bern River Development, LLC
Debtor

Case No. 09-10340-8-JRL

Chapter 11

**Certificate of Service**

I hereby certify that I have this day served a copy of the foregoing document by
1) Electronic service:

| | |
|---|---|
| Marjorie K. Lynch<br>Bankruptcy Administrator<br>434 Fayetteville Street Mall, Suite 620<br>Raleigh, NC 27601 | Brian Darer<br>Parker Poe<br>Obo Wachovia<br>P O Box 389<br>Raleigh, NC 27602-0389 |
| Gerald A. Jeutter, Jr.<br>Obo Weaver Cooke Construction, LLC<br>P O Box 12585<br>Raleigh, NC 27605 | Joel R. Rhine<br>Lea Rhine & Rosbrugh, PLLC<br>Obo Christopher & Hillary Boyce<br>314 Walnut Street<br>Wilmington, NC 28401 |
| C. Hamilton Jarrett<br>Obo Weaver Cooke Construction, LLC<br>P O Box 30933<br>Raleigh, NC 27622 | |

2. and by depositing a copy thereof in an envelope bearing sufficient postage in the United States mail at Chapel Hill, North Carolina, addressed to the following parties at their last known address as show on the attached exhibit.

This the 7th day of December, 2009.

/s/ John A. Northen

**Counsel for the Debtor**
John A. Northen, NCSB #6789
jan@nbfirm.comj
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

20 Largest Creditors
New Bern Riverfront Development, LLC

Cebridge Acquisitions LP
dba SuddenLink
PO Box 742507
Cincinnati, OH 45274

City of New Bern
Attn: Managing Agent
PO Box 1129
New Bern, NC 28563

Craven County
Attn: Managing Agent
226 Pollock Street
New Bern, NC 28560

Hatchett Hospitality
Attn: Managing Agent
122 East Taylor Street
Griffin, GA 30224

Howard, Perry & Walston
Attn: Managing Agent
1001 Wade Ave
Suite 102
Raleigh, NC 27605

JDA Architects
Attn: Managing Agent
510 Glenwood Avenue, Suite 201
Raleigh, NC 27603

McKim & Creed
Attn: Managing Agent
PO Box 890369
Charlotte, NC 28289-0369

Philadelphia Insurance
Attn: Managing Agent
PO Box 70251
Philadelphia, PA 19176

RyPark Advertising
Attn: Managing Agent
3211 Rogers Road
Suite 208
Wake Forest, NC 27587

Siemens Building Technologies, Inc.
Attn: Managing Agent
198 Metro Drive,
Spartanburg, SC 29303

T & S Property Management, LLC
dba CAMS
Attn: Managing Agent
1630 Military Cutoff Rd # 108
Wilmington, NC 28403

The Insurance Center
Attn: Managing Agent
1320 Commerece Drive
New Bern, NC 28562

URS Corp.
Attn: Managing Agent
1000 NE Abernathy Road
Suite 900
Atlanta, GA 30328

Ward & Smith
Attn: Managing Agent
PO Box 867
New Bern, NC 28563-0867

Purchase Contract Holders
New Bern Riverfront Development, LLC

Ann Buivid & Martin Spratt
44 Fern Valley Road
Weston, CT 06883

Anthony Low & Rosemary Low
9820 Blackwell Dr
Raleigh, NC 27617

Joel R. Rhine
Lea Rhine & Rosbrugh, PLLC
Obo Christopher S. Boyce
314 Walnut Street
Wilmington, NC 28401

DAKZ, LLC
1500 Sunday Drive, Suite 300`
Raleigh, NC 27612

Daryl Burgess, Ward Sylvester, Talmade Burgess and William Hargett
102 Pecan Lane
Richlands, NC 28514

David Naugler & Elaine C. Naugler
9009 Peregrine Dr.
Gibsonis, PA 15044

Douglas K. Moyers & Cheryl Moyers
242 Drake Landing
New Bern, NC 28560

Douglas Letts & Pamela Letts
102 Duckhead Pt
Cary, NC 27511

Dwayne Duckett & Claire Duckett
2508 Laurelford Lane
Wake Forest, NC 27587

Elaine Zimmerman
1792 Bedford Cove
Germantown, TN 38139

Erline Rita Gage Johnson & Graham Johnson, Trustees
57 Briole Path Lane
Madison, CT 06443

Frank Tantum & Nasser Diab
14715 S. Woodcrest Ave
Homer Glenn, IL 60491

Gregory E. Irvin & Beatrice L. DeMitte
288 Ocean Avenue
New London, CT 06320

Gregory V Miller & Paula J Miller
12 Cress Run Circle
Shepherdstown, WV 25443

GTG Properties LLC
5217 Trent Woods Dr
New Bern, NC 28562

HNM Coastal Properties LLC
242 Drake Landing
New Bern, NC 28560

Jack Passot & Kathy J Passot
307 Middle Street
Apt E
New Bern, NC 28560

James D. Schulteis & May S. Schulteis
5718 Gondolier Dr
New Bern, NC 28562

Janet E. Crane, Trustee
1224 Lafayette Rd.
Gladwyne, PA 19035

Jay P. Cherry & Ann B. Cherry
1407 St. James Place
Kinston, NC 28504

JDA Architects
510 Glenwood Avenue, Suite 201
Raleigh, NC 27603

Jeffrey A. Passot
309 Middle Street
Suite 3
New Bern, NC 28560

Jeffrey B. Taylor & Melissa D. Ellis
3606 Old Cherry Point Rd.
New Bern, NC 28560

John A. Razzano & Patricia Razzano
7686 Uliva Way
Sarasota, FL 34238

John K. Kryvoruka
4231 S. Franklinia St
St. Augustine, FL 32092, FL 32092

Jonathan Kramer & Laurie Kramer
5909 Charleycoat Dr
Raleigh, NC 27614

Julian Romero
75 Amberly Ct
Franklin Park, NJ 08823

| | | |
|---|---|---|
| Justin R. Spratt & Martin Spratt<br>9 Richdale Dr.<br>PO Box 787<br>Wilton, CT 06897 | Kenneth W. Fowler & Susan E. Fowler<br>1004 Grogans Mill Dr<br>Cary, NC 27519 | Khaled Jreisat & Jacqueline Jreisat<br>234 Drake Landing<br>New Bern, NC 28560 |
| Marcia Ibrahim & Michael Ibrahim<br>2012 Valley View Way<br>Lansdale, PA 19446 | Mark A. Wilson & Stephanie Wilson<br>201 Park Meadow Dr.<br>Cary, NC 27519 | Mark Halpin & Ninette Halpin<br>20 Aden Road<br>Liberty, NY 12754 |
| Matthew J Hertzberg<br>PO Box 243<br>1505 Salter Path Rd #119<br>Salter Path, NC 28575 | Melvin L Toomey<br>38 Shelbourne Dr<br>Goshen, CT 06756 | Michael J Rodell<br>6 Marlorville Road<br>Wrappingers Fall, NY 12590 |
| Michael P Campbell &<br>Catherine M Campbell<br>14517 Akker Ct<br>Gainesville, VA 20152 | Richard Burrows<br>3103 Peppercorn Road<br>New Bern, NC 28562 | Richard J. Rodriguez<br>106 Two Putt Ct<br>Suite 3<br>New Bern, NC 28560 |
| Rosemarie Fiorito<br>75 Miller Ave<br>Apt # 405<br>Freeport, NY 11520 | Stanly Hall LLC<br>240 Craven Street<br>New Bern, NC 28560 | Stephen M Drezen<br>38 Shelbourne Dr<br>Goshen, CT 06756 |
| Steven A. Sanders<br>38 Shelbourne Dr<br>Goshen, CT 06756 | Susan Mullan<br>821 Woodside Dr.<br>Wantagh, NY 11793 | The Clifton M Stoneburner and<br>Mary T. Stoneburner Trust<br>6200 Candle Ct<br>Sykesville, MD 21784 |
| The Investment Club LLC<br>243 Craven Steet<br>New Bern, NC 28560 | The Sturman Family Trust<br>5112 Pinetree Lane<br>New Bern, NC 28562 | Theodore F Shults &<br>Katharine F Shults<br>1021 Parchemin Trail<br>Chapel Hill, NC 27576 |
| Thomas Eugene Curd & Susan Margaret Curd<br>302 Day Lilly Lane<br>Pollocksville, NC 28573 | Thomas H. Luter & Beverly G. Luter<br>1705 Hunting Ridge Road<br>Raleigh, NC 27615 | William G. Price & Janet F. Price<br>5020 Fairways Circle #307<br>Vero Beach, FL 32967 |
| Barbara Jo Call & Claire Fuller<br>2714 Briar Lake Woods Way<br>Atlanta, GA 30345 | Taisha Clarke<br>CMR 455, Box 474<br>APO AE 09046 | Douglas Shepherd & Lynn Shepherd<br>2040 Long Creek Road<br>Virginia Beach, VA 23451 |
| Edward B. Ellis Jr. and Veronica Ellis<br>7001 Jeffrey Drive<br>Raleigh, NC 27603 | | |