UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN THE MATTER OF:<br><br>New Bern Riverfront Development, LLC,<br><br>Debtor | Case No. 09-10340-8-JRL<br>Chapter 11 |
|---|---|
| **Motion For Authority To Use Cash Collateral** ||

New Bern Riverfront Development, LLC (the "Debtor") moves the Court pursuant to §363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure as follows:

1. On November 30, 2009 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code, and operates as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

**Background**

3. The Debtor is the developer of SkySail Condominium, a 121 residential condominium (plus 1 commercial/non-residential unit) located on Middle Street on the waterfront in historic downtown New Bern, North Carolina ("Riverfront Project"). The Debtor sells the SkySail Condominiums (collectively, the "Sale Properties") in the ordinary course of business. As of the Petition Date, 42 condominiums have been sold, 52 condominiums are under contract, and certain unsold condominiums are occasionally rented on a short-term basis by the Debtor.

4. In conjunction with the acquisition and development of the Sale Properties, the Debtor arranged financing with Wachovia Bank, National Association ("Wachovia") who holds a deed of trust to secure the funds advanced to complete the improvements. Upon information and belief, Wachovia is owed approximately $21,015,209 (the "Wachovia Indebtedness") secured by first mortgage liens on the Sale Properties which have an aggregate value of approximately $31,500,000.

5. The Debtor contracted with Weaver Cooke Construction, LLC ("Weaver Cooke") to act as the general contractor on the Riverfront Project pursuant to a construction contract between the parties dated July 27, 2006 ("Construction Contract"). Weaver Cooke has filed a claim of lien in the amount of $2,344,072 against the Sale Properties pursuant to Chapter 44A of the North Carolina General Statutes which the Debtor disputes. The Weaver Cooke lien is junior to the lien of Wachovia.

6. There also are other lien claims filed against the Sale Properties by subcontractors (the "Lien Claimants") who supplied materials and/or labor for the purpose of constructing the improvements located on and thus an affixed part of the Sale Properties. Upon information and belief, the inchoate lien rights of the Lien Claimants are disputed, unliquidated, of unknown and uncertain priority, junior to the liens of Wachovia, and dependent upon and subsumed within the purported lien of Weaver Cooke.

7. Prior to the Petition Date, the Debtor instituted litigation in the Superior Court Division, Wake County, North Carolina (the "State Court Litigation") against Weaver Cooke, certain subcontractors hired by Weaver Cooke, and Travelers Casualty Surety Company of America ("Travelers"), the company that is the surety under certain payment and performance bonds provided by Weaver Cooke pursuant to the Construction Contract. In the State Court Litigation, the Debtor, among other things, is seeking to recover judgment against Weaver Cooke and Travelers, jointly and severally, for damages arising out of Weaver Cooke's breach of contract, and to have the liens filed against the Sale Properties by Weaver Cooke and the Lien Claimants discharged and declared void.

8. The Debtor reserves for itself, any Committee of Unsecured Creditors subsequently created, and any trustee subsequently appointed, any and all rights to challenge, avoid, object to, set aside or subordinate any claims, liens, security interests or rights of setoff against the Sale Properties.

**Pending and Prospective Sales; Cash Collateral**

9. By separate motion, the Debtor has sought an Order (i) approving the assumption of certain sale contracts, (ii) authorizing the Debtor to convey certain Sale Properties and pay certain closing costs, including broker's commissions, from the sale proceeds, and (iii) transferring all actual or potential liens to the proceeds of such sales.

10. In addition, the Debtor in the ordinary course of business will sell and/or rent additional Sale Properties from time to time. The Debtor anticipates filing similar motions to approve any subsequent sales, pay certain costs at closing, and transfer liens to proceeds of such sales.

11. In each instance, the net proceeds from the short-term rentals and sales of the Sale Properties would constitute "cash collateral" as that term is defined in the Bankruptcy Code, the use of which is subject to the restrictions set forth in § 363.

12. The Debtors do not dispute the extent and validity of the liens held by Wachovia; however, the liens filed by Weaver Cooke and those filed by the Lien Claimants are subject to bona fide dispute as evidenced by the State Court Litigation. In addition, each of the Sale Properties is subject to the lien in favor of Wachovia securing indebtedness which in the aggregate is greater than the value of any individual Sale Property. The junior liens filed by Weaver Cooke and those filed by the Lien Claimants would be deemed "unsecured" within the meaning of § 506(d) of the Bankruptcy Code.

**Relief Requested**

13. The Debtor is dependent upon use of the rental income and proceeds from sales of the Sale Properties (i) to pay on-going costs of operating, insuring, preserving, and protecting the business and property of the estate, and (ii) to pay for the costs of the State Court Litigation to protect and enforce its rights with respect to the payment and performance bonds, and defend against the disputed liens and claims asserted by Weaver Cooke and the Lien Claimants.

14. If not permitted to use cash collateral to pay ordinary operating expenses, the Debtor will have to close down operations. As the Riverfront Project is a condominium, common costs must be shared and timely paid in order to preserve and protect all the condominium units owned by the Debtor and by third-party purchasers who have closed on their respective units.

15. Similarly, if not permitted to use cash collateral to pay the costs associated with the State Court Litigation, the estate will be deprived of or unduly delayed in recovery on the payment and performance bonds which were obtained to protect the estate from subcontractors' liens and repairs which have not been performed by the contractor.

16. Such precipitous action, if required, would render reorganization impossible and severely reduce the fair market value of the estate, resulting in financial loss to all parties in

interest. To that end, the Debtor requests the Court to authorize the use of cash collateral as set forth herein.

17.  An order granting interim relief, followed by a final hearing at some future date selected by the Court, would not prejudice the rights of Wachovia or any other party in interest, as (i) Wachovia is adequately protected with its existing liens on the Debtor's Sale Properties, which have an aggregate value significantly greater than the outstanding Wachovia Indebtedness, (ii) any other creditors holding liens on the Sale Properties are junior to the liens of Wachovia and likely to be deemed unsecured as to any individual unit, and in any event the aggregate value of the Sale Properties exceeds the aggregate amount of the Wachovia Indebtedness and the amount claimed by Weaver Cooke, and (iii) the use of such funds is necessary to continue operations without interruption and will preserve the value of the estate for Wachovia and all other creditors.

18.  The Debtor offers to provide Wachovia with adequate protection for the use of cash collateral as follows:

    a.  At each closing of a Sale Property, the Debtor shall apply the gross sale proceeds (after credit for the purchaser's deposit or other credits required under the sale contract) to (i) the payment of ordinary and customary closing costs and, where applicable, a broker's commission, and (ii) payment of or reimbursement for any post-petition costs expended or incurred by the Debtor to complete the improvements on such property. The remaining proceeds (the "Net Sale Proceeds") shall be disbursed in payment of costs and expenses as shown in the Budget attached the proposed Order (<u>Exhibit A</u>), or as may otherwise be approved by the Court after further notice and hearing, as follows:

        i.  The costs of operating and preserving the estate.

        ii.  Payment of the Chapter 11 quarterly fees.

        iii.  Payment of allowed fees and expenses of Debtor's bankruptcy counsel, special counsel, expert witnesses, and other professionals.

        iv.  Repayment of funds advanced pursuant to the revolving credit facility (proposed by separate motion).

        v.  A "Plan Escrow" reserved for purposes of consummating a confirmed plan of reorganization; provided however, funds in the Plan Escrow shall remain

subject to the lien of Wachovia and shall not be disbursed without further order of the Court.

      vi.     Adequate protection payments to Wachovia of all remaining Net Sale Proceeds.

    b.     The Debtor shall provide Wachovia with an administrative expense claim to the extent the use of cash collateral results in a decrease in the value of such entity's interest in such property.

    c.     The Debtor shall provide Wachovia and the Bankruptcy Administrator with financial reports for the Debtor in form and frequency reasonably acceptable to Wachovia and the Bankruptcy Administrator.

    19.     The Debtor seeks authority to use cash collateral through and including the effective date of a confirmed plan of reorganization or liquidation, or the conversion of this case to Chapter 7, whichever may first occur; provided, however, without further notice and hearing the Debtor may not use cash collateral for any purpose other than operations in the ordinary course of business or the payment of allowed administrative fees, costs, or expenses, irrespective of whether such purpose would be proper under applicable law.

    20.     Notwithstanding any suspension or termination of the right to use Cash Collateral as set forth above (a "Termination Date"), the Debtor shall be permitted to carve out from Cash Collateral or any replacement collateral and use, and the collateral of Wachovia shall be subject to the Debtor's right to recover under Section 506(c) of the Bankruptcy Code, an aggregate amount necessary to pay all Permitted Trailing Expenses. As used herein, the term "Permitted Trailing Expenses" shall mean, on the Termination Date, the following expenses to the extent incurred post-petition and prior to such Termination Date but in an aggregate amount not to exceed the aggregate expenditures set forth in the approved Budget through such Termination Date:

    a.     The costs of operating and preserving the estate;

    b.     Quarterly fees pursuant to 28 U.S.C. § 1930(a)(7); and,

    c.     Professional fees and expenses (including expert witness fees and expenses) for professionals for the Debtor after application of any prepetition retainers.

    21.     The Debtor proposes that to the extent that Wachovia has an objection to the items paid or provided for as set forth in the monthly reports or other reports of operations filed

or furnished to Wachovia, or objects to a proposed budget or to a specific manner in which cash collateral is being used, then Wachovia may, upon ten (10) days notice to the Debtor and opportunity to cure: (i) seek an order of the Bankruptcy Court restraining such payments or usage as not being in conformity with this Motion; or (ii) seek an Order terminating further authority to use cash collateral altogether.

22. The Debtor seeks the consent of Wachovia to the use of cash collateral for the purposes set forth in this Motion. In the absence of such consent, if not forthcoming, the Debtor asks the Court to authorize such use and to provide adequate protection to Wachovia to the extent the use of cash collateral impairs Wachovia's interest, in a manner and to the extent to be determined by the Court at the hearing on this Motion.

Wherefore, the Debtor prays the Court for the following relief:

1. That an interim order in the form attached hereto as an exhibit be entered by this Court after notice and interim hearing (i) authorizing the Debtor to use cash collateral in an amount to be determined at the interim hearing based upon the proposed budget to be supplied, and (ii) providing Wachovia with adequate protection as set forth herein.

2. That a final hearing be held regarding this motion, the interim order, and the Debtor's request for a final order, after providing such notice as is required by Rule 4001 of the Federal Rules of Bankruptcy Procedure.

3. Such other relief as the Court may deem necessary and proper.

Respectfully submitted on behalf of the Debtor, this the 5th day of January, 2010.

/s/ John A. Northen

**Counsel for the Debtor**
Northen Blue, LLP
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN THE MATTER OF:<br><br>New Bern Riverfront Development, LLC,<br><br>Debtor | Case No. 09-10340-8-JRL<br>Chapter 11 |
|---|---|
| **Interim Order Authorizing Use of Cash Collateral and Providing Notice of Final Hearing** ||

This matter came before the Court after due notice and hearing to consider the Motion for Authority to Use Cash Collateral (the "Motion") filed by New Bern Riverfront Development, LLC (the "Debtor") pursuant to §363 of the Bankruptcy Code and Rule 4001 of the Federal Rules of Bankruptcy Procedure.

After considering the matters set forth in the Motion, the evidence presented, any objections or comments of parties in interest, the Court makes the following findings, conclusions and orders:

1. On November 30, 2009 (the "Petition Date"), the Debtor filed a voluntary petition seeking relief under Chapter 11 of the Bankruptcy Code, and operates as a debtor-in-possession.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 157 and 1334, and the matter is a core proceeding under 28 U.S.C. § 157(b)(2). Venue is proper pursuant to 28 U.S.C. §§ 1408 and 1409.

3. The Debtor is the developer of SkySail Condominium, a 121 residential condominium (plus 1 commercial/non-residential unit) located on Middle Street on the waterfront in historic downtown New Bern, North Carolina ("Riverfront Project"), and sells the SkySail Condominiums (collectively, the "Sale Properties") in the ordinary course of business. As of the

Cash coll order #1 20100104


EXHIBIT A

Petition Date, 42 condominiums have been sold, 52 condominiums are under contract, and certain unsold condominiums are occasionally rented on a short-term basis by the Debtor.

4.      In conjunction with the acquisition and development of the Sale Properties, the Debtor arranged financing with Wachovia Bank, National Association ("Wachovia") who holds a deed of trust to secure the funds advanced to complete the improvements. The Debtor reports that Wachovia is owed approximately $21,015,209 (the "Wachovia Indebtedness") secured by first mortgage liens on the Sale Properties which have an aggregate value of approximately $31,500,000.

5.      The Debtor contracted with Weaver Cooke Construction, LLC ("Weaver Cooke") to act as the general contractor on the Riverfront Project pursuant to a construction contract between the parties dated July 27, 2006 ("Construction Contract"). Weaver Cooke has filed a claim of lien in the amount of $2,344,072 against the Sale Properties pursuant to Chapter 44A of the North Carolina General Statutes which the Debtor disputes. The Weaver Cooke lien is junior to the lien of Wachovia and the subject of bona fide dispute.

6.      There also are other lien claims filed against the Sale Properties by subcontractors (the "Lien Claimants") who supplied materials and/or labor for the purpose of constructing the improvements located on and thus an affixed part of the Sale Properties. The inchoate lien rights of the Lien Claimants are disputed, unliquidated, of unknown and uncertain priority, junior to the liens of Wachovia, and dependent upon and subsumed within the purported lien of Weaver Cooke.

7.      Prior to the Petition Date, the Debtor instituted litigation in the Superior Court Division, Wake County, North Carolina (the "State Court Litigation") against Weaver Cooke, certain subcontractors hired by Weaver Cooke, and Travelers Casualty Surety Company of America ("Travelers"), the company that is the surety under certain payment and performance bonds provided by Weaver Cooke pursuant to the Construction Contract. In the State Court Litigation, the Debtor, among other things, is seeking to recover judgment against Weaver Cooke and Travelers, jointly and severally, for damages arising out of Weaver Cooke's breach of contract, and to have the liens filed against the Sale Properties by Weaver Cooke and the Lien Claimants discharged and declared void.

8.      The Debtor does not dispute the extent or validity of the Wachovia liens, but has reserved for itself, any Committee of Unsecured Creditors subsequently created, and any trustee

subsequently appointed, any and all rights to challenge, avoid, object to, set aside or subordinate any claims, liens, security interests or rights of setoff against the Sale Properties.

9. By separate motion, the Debtor has sought an Order (i) approving the assumption of certain sale contracts, (ii) authorizing the Debtor to convey certain properties and pay certain closing costs, including broker's commissions, from the sale proceeds, and (iii) transferring all actual or potential liens to the proceeds of such sales. In addition, the Debtor in the ordinary course of business expects to sell and/or rent additional Sale Properties from time to time. The Debtor anticipates filing similar motions to approve any sales, pay certain costs at closing, and transfer liens to proceeds of such sales.

10. In each instance, the net proceeds from the short-term rentals and sales of the Sale Properties would constitute "cash collateral" as that term is defined in the Bankruptcy Code, the use of which is subject to the restrictions set forth in § 363.

11. The Debtor is dependent upon continued and uninterrupted use of the rental income and proceeds from sales in the ordinary course of business for revenue. The Debtor will need to use the rental income and proceeds of sales to pay on-going costs of operating, insuring, preserving, and protecting the business and property of the estate, and to pay for the costs of the State Court Litigation in order to protect and enforce its rights with respect to the payment and performance bonds, and the disputed liens and claims asserted by Weaver Cooke and the Lien Claimants.

12. If not permitted to use cash collateral to pay ordinary operating expenses, the Debtor will have to close down operations. Similarly, if not permitted to use cash collateral to pay the costs associated with the State Court Litigation, the estate will be deprived of or unduly delayed in recovery on the payment and performance bonds which were obtained to protect the estate from subcontractors' liens and repairs which have not been performed by the contractor.

13. An order granting interim relief, followed by a final hearing at some future date selected by the Court, would not prejudice the rights of Wachovia or any other party in interest, as (i) Wachovia is adequately protected with its existing liens on the Debtor's Sale Properties, which have an aggregate value significantly greater than the outstanding Wachovia Indebtedness, (ii) any other creditors holding liens on the Sale Properties are junior to the liens of Wachovia and likely to be deemed unsecured as to any individual unit, and in any event the aggregate value of the Sale Properties exceeds the aggregate amount of the Wachovia Indebtedness and the amount

claimed by Weaver Cooke, and (iii) the use of such funds is necessary to continue operations without interruption and will preserve the value of the estate for all creditors.

Based upon the foregoing, the Court concludes that interim use of cash collateral is necessary and that an Order granting interim relief, followed by a final hearing upon due notice, would not prejudice the rights of the secured creditors, and for good and sufficient reasons appearing it is hereby ORDERED as follows:

1. The Debtor may use Cash Collateral on an interim basis and for the period through and including the next hearing date as set forth below; provided, however, without further notice and hearing the Debtor may not use cash collateral for any purpose other than operations in the ordinary course of business or the payment of allowed administrative fees, costs, or expenses, irrespective of whether such purpose would be proper under applicable law.

2. As adequate protection for the use of Cash Collateral, the Debtor shall provide Wachovia the following:

    a. At each closing of a Sale Property, the Debtor shall apply the gross sale proceeds (after credit for the purchaser's deposit or other credits required under the sale contract) to (i) the payment of ordinary and customary closing costs and, where applicable, a broker's commission, and (ii) payment of or reimbursement for any post-petition costs expended or incurred by the Debtor to complete the improvements on such property. The remaining proceeds (the "Net Sale Proceeds") shall be disbursed in payment of costs and expenses as shown in the Budget attached hereto and incorporated by reference, or as may otherwise be approved by the Court after further notice and hearing, as follows:

        i. The costs of operating and preserving the estate.

        ii. Payment of the Chapter 11 quarterly fees.

        iii. Payment of allowed fees and expenses of Debtor's bankruptcy counsel, special counsel, expert witnesses, and other professionals.

        iv. Repayment of funds advanced pursuant to the revolving credit facility (proposed by separate motion).

        v. A "Plan Escrow" reserved for purposes of consummating a confirmed plan of reorganization; provided however, funds in the Plan Escrow shall

                remain subject to the lien of Wachovia and shall not be disbursed without further order of the Court.

        vi.    Adequate protection payments to Wachovia of all remaining Net Sale Proceeds.

    b.    The Debtor shall provide Wachovia with an administrative expense claim to the extent the use of cash collateral results in a decrease in the value of such entity's interest in such property.

    c.    The Debtor shall provide Wachovia and the Bankruptcy Administrator with financial reports for the Debtor in form and frequency reasonably acceptable to Wachovia and the Bankruptcy Administrator.

3.    The Debtor's ability to use Cash Collateral will terminate immediately upon the occurrence of any of the following events: the effective date of a confirmed plan of reorganization or liquidation, the appointment of a trustee, or the conversion of this case to Chapter 7, whichever may first occur.

4.    Notwithstanding any suspension or termination of the right to use Cash Collateral as set forth above (a "Termination Date"), the Debtor shall be permitted to carve out from Cash Collateral or any replacement collateral and use, and the collateral of Wachovia shall be subject to the Debtor's right to recover under Section 506(c) of the Bankruptcy Code, an aggregate amount necessary to pay all Permitted Trailing Expenses. As used herein, the term "Permitted Trailing Expenses" shall mean, on the Termination Date, the following expenses to the extent incurred post-petition and prior to such Termination Date but in an aggregate amount not to exceed the aggregate expenditures set forth in the approved Budget through such Termination Date:

    a.    The costs of operating and preserving the estate;

    b.    Quarterly fees pursuant to 28 U.S.C. § 1930(a)(7); and,

    c.    Professional fees and expenses (including expert witness fees and expenses) for professionals for the Debtor after application of any prepetition retainers.

5.    To the extent that Wachovia has an objection to the items paid or provided for as set forth in the monthly reports or other reports of operations filed or furnished to Wachovia, or objects to a proposed budget or to a specific manner in which cash collateral is being used, then Wachovia may, upon ten (10) days notice to the Debtor and opportunity to cure: (i) seek an order of the

Bankruptcy Court restraining such payments or usage as not being in conformity with this Motion; or (ii) seek an Order terminating further authority to use cash collateral altogether.

6. The terms of this Order shall be binding upon any Committee (if formed), and upon any trustee subsequently appointed, including but not limited to a Chapter 7 trustee upon conversion of this case to a case under Chapter 7 of the Bankruptcy Code; provided however, the findings, conclusions, or orders set forth herein are made on an interim basis, shall not constitute a final decision on any legal or factual issue, and are without prejudice to the right of any party to raise, contest, or seek the same or a different outcome at any subsequent hearing; provided further that based on the findings set forth in this Order and the reliance of Wachovia in good faith on the terms thereof, (i) if any of the provisions of this Order are hereafter modified, vacated or stayed by an order of this Court or another court, such stay, modification or vacation shall not affect the validity and enforceability of any lien, security interest or priority authorized for the benefit of Wachovia that is granted or attaches prior to the effective date of such stay, modification or vacation, (ii) any use of the Cash Collateral by the Debtor pursuant to this Order prior to the effective date of such modification, stay or vacation shall be governed in all respects by the original provisions of this Order, and (iii) upon the entry and effect of any stay, modification or vacation of this Order, the Debtor's ability to use Cash Collateral hereunder shall be deemed immediately terminated without further order of the Court.

7. A further hearing (which may be a final hearing) on this Motion will be held at _____ o'clock p.m. on _____, 2009, in the U.S. Bankruptcy Court, _____, North Carolina, at which time the Court will further consider the Motion for Authorization To Use Cash Collateral. Debtor's counsel shall serve a copy of this Order upon the parties listed in the Limited Service List and file a certificate of such service with the Clerk.

[END OF DOCUMENT]

| New Bern Riverfront Development, LLC | | | | | | | |
|---|---|---|---|---|---|---|---|
| 6 Months Cash Flow | | | | | | | |
| | Dec-09 | Jan-10 | Feb-10 | Mar-10 | Apr-10 | May-10 | Jun-10 |
| Beginning Cash Balance - DIP Account | 4 | 1,462 | 1,862 | 50,000 | 50,000 | 50,000 | 50,000 |
| Receipts | | | | | | | |
| DIP Loan | 3,500 | 50,000 | - | - | - | - | - |
| Sale proceeds (net of closing costs) | - | - | 254,132 | 529,288 | 660,471 | 610,421 | 535,005 |
| Rental Income (Net) | 1,800 | 1,800 | 1,800 | 3,600 | 3,600 | 3,600 | 3,600 |
| Other | - | - | - | - | - | - | - |
| Total Receipts | 5,300 | 51,800 | 255,932 | 532,888 | 664,071 | 614,021 | 538,605 |
| Disbursements | | | | | | | |
| HOA Expenses | 3,842 | 19,500 | 19,500 | 19,500 | 19,500 | 19,500 | 19,500 |
| Elec/water/sewer | - | 18,500 | 9,250 | 9,250 | 9,250 | 9,250 | 9,250 |
| Phone & Cable | - | 1,150 | 5,750 | 5,750 | 5,750 | 5,750 | 5,750 |
| Repairs & Maintenance | - | 4,750 | 6,500 | 6,500 | 6,500 | 6,500 | 6,500 |
| Marketing | - | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 | 7,500 |
| Northen Blue | - | - | 25,000 | - | - | 50,000 | - |
| Ward & Smith | - | - | - | 40,000 | - | - | 40,000 |
| Williams Overman Pierce | - | - | 10,000 | 10,000 | - | - | - |
| Carl Walker | - | - | - | 25,000 | - | - | 25,000 |
| Thomas Judy & Tucker | - | - | - | 10,000 | - | - | 10,000 |
| Quarterly fees | - | - | - | 1,950 | - | - | 6,500 |
| Others | - | - | - | - | - | - | - |
| DIP Loan Repayment | - | - | 53,500 | - | - | - | - |
| Wachovia - Adequate Protection Payments | - | - | 60,175 | 337,823 | 523,235 | 438,193 | 347,314 |
| Plan Escrow | - | - | 10,619 | 59,616 | 92,336 | 77,328 | 61,291 |
| Total Disbursements | 3,842 | 51,400 | 207,794 | 532,888 | 664,071 | 614,021 | 538,605 |
| *Summary Recap:* | | | | | | | |
| Beginning Cash Balance - DIP Account | 4 | 1,462 | 1,862 | 50,000 | 50,000 | 50,000 | 50,000 |
| Plus receipts | 5,300 | 51,800 | 255,932 | 532,888 | 664,071 | 614,021 | 538,605 |
| Less disbursements | 3,842 | 51,400 | 207,794 | 532,888 | 664,071 | 614,021 | 538,605 |
| Ending Cash Balance - DIP Account | 1,462 | 1,862 | 50,000 | 50,000 | 50,000 | 50,000 | 50,000 |
| DIP LOAN | | | | | | | |
| Beginning Balance | 0 | 3,500 | 53,500 | 0 | 0 | 0 | 0 |
| Brought in | 3,500 | 50,000 | 0 | 0 | 0 | 0 | 0 |
| Paid Back | 0 | 0 | 53,500 | 0 | 0 | 0 | 0 |
| Ending Balance | 3,500 | 53,500 | 0 | 0 | 0 | 0 | 0 |
| PLAN ESCROW | | | | | | | |
| Beginning Balance | 0 | 0 | 0 | 10,619 | 70,235 | 162,570 | 239,899 |
| Additonal Escrow | 0 | 0 | 10,619 | 59,616 | 92,336 | 77,328 | 61,291 |
| Ending Balance | 0 | 0 | 10,619 | 70,235 | 162,570 | 239,899 | 301,189 |

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN THE MATTER OF:<br><br>New Bern Riverfront Development, LLC,<br><br>Debtor | Case No. 09-10340-8-JRL<br>Chapter 11 |
|---|---|
| **Notice of Motion** ||

    The Debtor filed a motion with the Court requesting entry of an Order (i) authorizing the Debtor to use cash collateral in an amount to be determined at the interim hearing based upon the proposed budget, and (ii) providing Wachovia with adequate protection as set forth herein. Notice is hereby given that the Motion may be allowed provided no response and request for a hearing is made by the parties in interest in writing to the Clerk of this Court within fourteen (14) days from the date of this Notice; and

    Further notice is given that if a response and a request for a hearing is filed by the parties in interest named herein in writing within the time indicated, a hearing will be conducted on the Motion and response thereto at a date, time and place to be later set by this Court and all interested parties will be notified accordingly. If no request for a hearing is timely filed, the Court may rule on the Motion thereto <u>ex parte</u> without further notice.

    Respectfully submitted on behalf of the Debtor, this the 5th day of January, 2010.

                                                          /s/ John A. Northen

**Counsel for the Debtor**
John A. Northen, NCSB #6789
jan@nbfirm.com
Vicki L. Parrott, NCSB #25449
vlp@nbfirm.com
Stephanie Osborne-Rodgers, NCSB #29374
sor@nbfirm.com
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441

Cash coll motion 20100104                          7

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| IN THE MATTER OF:<br><br>New Bern River Development, LLC<br>Debtor | Case No. 09-10340-8-JRL<br><br>Chapter 11 |
|---|---|
| **Certificate of Service** ||

I hereby certify that I have this day served a copy of the foregoing document by
1) Electronic service:

| | |
|---|---|
| Marjorie K. Lynch<br>Brian Behr<br>Bankruptcy Administrator Office<br>434 Fayetteville Street Mall, Suite 620<br>Raleigh, NC  27601 | Brian D. Darer<br>Parker Poe<br>Obo Wachovia<br>P O Box 389<br>Raleigh, NC  27602-0389 |
| Gerald A. Jeutter, Jr.<br>Obo Weaver Cooke Construction, LLC<br>P O Box 12585<br>Raleigh, NC  27605 | Joel R. Rhine<br>Lea Rhine & Rosbrugh, PLLC<br>Obo Christopher & Hillary Boyce<br>314 Walnut Street<br>Wilmington, NC  28401 |
| C. Hamilton Jarrett, III<br>Conner Gwyn Schenck, PLLC<br>Obo Weaver Cooke Construction, LLC<br>P O Box 30933<br>Raleigh, NC  27622 | Paul E. Davis<br>Conner Gwyn Schenck, PLLC<br>Obo Travelers Casualty & Surety<br>P O Box 30933<br>Raleigh, NC  27622 |
| Ernest C. Richardson, IV<br>Richardson & Richardson<br>Obo Buivid, Cherry, Campbell, Duckett,<br>Naugler, Letts, Spratt,  et al<br>P O Box 1594<br>New Bern, NC  28563 | Katherine C. Wagner<br>Lea Rhine & Rosbrugh, PLLC<br>Obo Christopher & Hilary Boyce<br>314 Walnut Street<br>Wilmington, NC  28401 |

2. and by depositing a copy of the Notice of Motion in an envelope bearing sufficient postage in the United States mail at Chapel Hill, North Carolina, addressed to the following parties at their last known address:

| | |
|---|---|
| Internal Revenue Service<br>Centralized Insolvency Operations<br>P O Box 21126<br>Philadelphia, PA 19114-0326 | North Carolina Department of Revenue<br>Bankruptcy Unit<br>P O Box 1168<br>Raleigh, NC  27602-1168 |
| Cebridge Acquisitions LP<br>dba SuddenLink<br>PO Box 742507<br>Cincinnati, OH 45274 | City of New Bern<br>Attn:  Managing Agent<br>PO Box 1129<br>New Bern, NC 28563 |

| | |
|---|---|
| Craven County<br>Attn: Managing Agent<br>226 Pollock Street<br>New Bern, NC 28560 | Hatchett Hospitality<br>Attn: Managing Agent<br>122 East Taylor Street<br>Griffin, GA 30224 |
| Howard, Perry & Walston<br>Attn: Managing Agent<br>1001 Wade Ave<br>Suite 102<br>Raleigh, NC 27605 | JDA Architects<br>Attn: Managing Agent<br>510 Glenwood Avenue, Suite 201<br>Raleigh, NC 27603 |
| McKim & Creed<br>Attn: Managing Agent<br>PO Box 890369<br>Charlotte, NC 28289-0369 | Philadelphia Insurance<br>Attn: Managing Agent<br>PO Box 70251<br>Philadelphia, PA 19176 |
| RyPark Advertising<br>Attn: Managing Agent<br>3211 Rogers Road<br>Suite 208<br>Wake Forest, NC 27587 | Siemens Building Technologies, Inc.<br>Attn: Managing Agent<br>198 Metro Drive,<br>Spartanburg, SC 29303 |
| T & S Property Management, LLC<br>dba CAMS<br>Attn: Managing Agent<br>1630 Military Cutoff Rd # 108<br>Wilmington, NC 28403 | The Insurance Center<br>Attn: Managing Agent<br>1320 Commerece Drive<br>New Bern, NC 28562 |
| URS Corp.<br>Attn: Managing Agent<br>1000 NE Abernathy Road<br>Suite 900<br>Atlanta, GA 30328 | Ward & Smith<br>Attn: Managing Agent<br>PO Box 867<br>New Bern, NC 28563-0867 |

This the 5th day of January, 2010.

/s/ John A. Northen

**Counsel for the Debtor**
John A. Northen, NCSB #6789
jan@nbfirm.comj
Northen Blue, LLP
Post Office Box 2208
Chapel Hill, NC 27515-2208
Telephone: 919-968-4441