**SO ORDERED.**

**SIGNED this 25 day of March, 2010.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF NORTH CAROLINA
## RALEIGH DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| NEW BERN RIVERFRONT DEVELOPMENT, LLC, | 09-10340-8-JRL |
| | Chapter 11 |
| DEBTOR. | |

### ORDER

This case is before the court on the motion of Mark Halpin et. al (the "movants") for the appointment of a creditors' committee pursuant to 11 U.S.C. § 1102. A hearing on this matter was held on March 11, 2010 in Raleigh, North Carolina.

### BACKGROUND

New Bern Riverfront Development, LLC, the developer of SkySail Condominium in New Bern, North Carolina, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code on November 30, 2009. The debtor retains possession of its property and is operating its business as a debtor-in-possession pursuant to 11 U.S.C. §§ 1107(a) and 1108.

As of the date of the debtor's filing, forty-two condominiums in the 121-unit SkySail Condominium had been sold, fifty-two were under contract, and the remaining condominiums were being marketed for sale. The movants are listed on Schedule G of the debtor's petition as

having executory contracts for the purchase and sale of certain units within SkySail Condominium; the debtor represented to the court that it desires to assume each contract and sell the units in accordance with the contract terms.

On January 11, 2010, the Bankruptcy Administrator represented to the court that prior to the § 341 meeting of creditors, sufficient indications of willingness to serve on a committee of unsecured creditors were not received from those unsecured creditors eligible to serve. Accordingly, the Bankruptcy Administrator did not organize or recommend to the court that a committee of creditors holding unsecured claims against the debtor be appointed. The movants now ask the court to appoint an official committee to represent their interests. At the hearing, the Bankruptcy Administrator objected to the movants' motion.

## DISCUSSION

Although a committee of creditors holding unsecured claims was not appointed in this case, the court may order the appointment of additional committees of creditors or of equity security holders, on request of a party in interest, if necessary to assure adequate representation of such creditors or of equity security holders. See 11 U.S.C. § 1102(a)(2). Because there is no specific framework in the Bankruptcy Code to guide the court on the issue of the adequacy of representation, the question is to be resolved on a case-by-case basis. In re Enron Corp., 279 B.R. 671, 684-85 (2002). However, because appointment of additional committees involves substantial cost and expense to the estate, such a request should rarely be granted. See In re Grant Broadcasting of Philadelphia, Inc., 71 B.R. 655, 661 (1987).

In considering the particular facts and circumstances of this case, the court finds that the appointment of an official committee to represent the movants is neither necessary to assure

adequate representation of the movants' interests nor in the best interest of the estate. The movants may rely on their common counsel to adequately protect their special interests in this case. Further, aside from the substantial cost and expense that the debtor's estate would incur, the movants are a discrete group of claimholders that do not necessarily share common interests with the majority of those creditors who are parties to similar executory contracts with the debtor.

Based on the foregoing, the court declines to appoint a committee to represent the movants' interests and the motion is **DENIED**.

**END OF DOCUMENT**